UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENWAYNE JONES,

                Petitioner,              **MEMORANDUM AND ORDER**

    -against-                                  Case No. 11-CV-3700 (FB)

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

*Appearances:*
For the Petitioner:
KENWAYNE JONES, *pro se*
#04708-748
FCI Allenwood Medium Federal Correction Institution
P.O. Box 2000
White Deer, PA 17887

*For the Respondent*:
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:   JAMES P. LOONAM, ESQ.
        MELISSA MARRUS, ESQ.
        Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Petitioner Kenwayne Jones, appearing pro se, seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, his petition is denied.

**I**

        Jones was convicted, following a month-long jury trial, of the following offenses: racketeering, racketeering conspiracy, conspiracy to kidnap, kidnaping, conspiracy to rob, attempted robbery, use of a firearm in furtherance of crimes of violence, conspiracy to distribute and possess with intent to distribute cocaine base, and possession with intent to distribute cocaine base. He was sentenced to concurrent terms of 169 months' imprisonment and a consecutive term of 84 months' imprisonment on the firearms conviction. The Second Circuit

affirmed Jones's conviction and sentence. *See United States v. Jones*, 375 Fed. Appx. 95 (2d Cir. 2010).

Jones claims that his trial counsel, Susan Kellman, Esq., was ineffective in the following respects: (1) failure to preserve Jones's right to a speedy trial; (2) failing to object to the trial court's lack of a multiple conspiracy jury instruction; and (3) failure to request adjournment of sentencing or make a Rule 35 motion. He also claims that the sentencing judge failed to consider the § 3553(a) factors or explain Jones's sentence, and that as a result the sentence was procedurally unreasonable.

## II

To prevail on his ineffective assistance of counsel claims, Jones must show "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonably professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

Jones first contends that because his trial commenced in September 2006, 14 months after his arraignment, his right to a speedy trial was not properly preserved. Contrary to Jones's argument, Kellman repeatedly raised Jones's speedy trial rights with the government and the trial court: she objected when the court designated the case complex for speedy trial purposes, for example, and ultimately reached an agreement with the government to sever Jones's trial

2

from that of other defendants charged with murder, and commence the trial approximately 7 months later. Jones has not argued that the court erred in deeming the case complex, thus tolling the speedy trial clock, or that it was improper for Kellman to sever the trial and coordinate a trial schedule with the government. Having failed to identify any error in the progression of his case to trial, Jones cannot show that he was prejudiced by any delays. Nor has Jones suggested what else Kellman should have done to diligently preserve his rights. Thus, he cannot overcome the "strong presumption that. . . the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 690 (internal quotation marks omitted). Kellman's actions were well within the bounds of reasonable lawyering.

Jones next contends that Kellman's choice to not object to the trial court's failure to give a multiple conspiracies jury instruction prejudiced him because a "material variance" occurred between the single conspiracy in the indictment and proof at trial of multiple conspiracies. The Second Circuit explicitly found when Jones challenged the jury instruction on direct appeal, however, that "the jury reasonably found that the government had proved the single conspiracy alleged in the indictment beyond a reasonable doubt, and therefore no variance error occurred. . . Nor do we find the district court's failure to give a multiple-conspiracies instruction to be error because only one conspiracy [was] alleged and proved." *Jones*, 375 Fed. Appx. at 96 (internal quotation marks omitted). In addressing a § 2255 motion, a district court cannot revisit issues already decided on direct appeal. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

In addition, Jones argues that he should have been sentenced pursuant to *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), decided nearly two months after Jones's April 24

3

sentencing hearing but five months before the judge signed the sentencing judgment on November 6. *Whitley* held that language in 18 U.S.C. § 924(c)(1)(A), exempts a defendant from receiving a consecutive ten-year sentence for discharging a firearm when they were also subject to the fifteen-year minimum sentence of § 924(e). Kellman's decision to not seek an adjournment pending the Second Circuit's decision was a reasonable one –it is undisputed that *Whitley* was not the law at the time of Jones's sentencing hearing. Nor has Jones actually shown that the holding in *Whitley* applied to his case or would have changed the outcome of his sentencing proceeding – unlike the criminal defendant in *Whitley*, Jones was not sentenced under 924(e). *See Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir. 1995) (Sixth Amendment does not require counsel to "forecast changes or advances in the law, or present meritless arguments").

Similarly, Kellman's choice to not file a Rule 35(a) motion, requesting a corrected sentence in light of purported errors at sentencing, was an objectively reasonable one. Jones's sentence was not the result of "clear error", and Rule 35(a) motion in the aftermath of the *Whitely* decision would have been untimely; thus, Jones cannot show that such a motion would have been successful or had any impact on his proceeding. *See* Fed R. Crim. P. 35(a), (c) (providing that a court may correct a sentence "that resulted from arithmetical, technical, or other clear error. . . [w]ithin 14 days after sentencing"; "'sentencing' means the oral announcement of the sentence"); *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (a choice to not raise a futile objection does not render trial counsel's performance constitutionally ineffective).

### III

Jones next contends that the sentencing court committed "significant procedural error by failing to calculate the Guideline range, failing to consider the § 3553(a) factors and

4

failing to explain the chosen sentence." Pet's Mem. of Law at 21. Jones did not raise this purported procedural error on direct appeal.

If "a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom or that he is actually innocent' of the crime of which he was convicted." *De Jesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998). Jones has not provided any reason for his failure to raise these issues on direct appeal– he has not argued, for example, that his appellate counsel was ineffective in failing to address any procedural inadequacies of the sentencing. Nor has Jones mentioned any prejudice that arose from the sentencing court's alleged errors. In any event, there is no merit to Jones's argument that the sentencing judge committed any error at sentencing – the transcript shows that the judge discussed, at length, the calculation of the Guidelines range and the reasons for the sentence he imposed, and took into account all of the necessary information. Accordingly, Jones is barred from raising this matter for the first time in his § 2255 motion.

## IV

For the foregoing reasons, Jones's motion to vacate his sentence pursuant to § 2255 is denied.

**SO ORDERED.**

_/s/_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 8, 2012

5